IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ILLINOIS STATE PAINTERS,**
**INTERNATIONAL UNION OF PAINTERS**
**AND ALLIED TRADES DISTRICT**
**COUNCIL #58, PAINTERS DISTRICT**
**COUNCIL #58 401(K) PLAN, FINISHING**
**TRADES INSTITUTE, LABOR**
**MANAGEMENT COOPERATIVE**
**INITIATIVE, SAFETY TRAINING AWARD**
**RECOGNITION, CENTRAL ILLINOIS DRUG**
**FUND, SOUTHERN ILLINOIS DRUG**
**FUND, PAINTERS DISTRICT COUNCIL #58**
**ADMINISTRATIVE DUES CHECK OFF,**
**ILLINOIS STATE PAINTERS HEALTH &**
**WELFARE FUND, PAINTERS & GLAZIERS**
**OF CENTRAL AND SOUTHERN ILLINOIS,**

Plaintiffs,

v.                                                    Case No. 13-cv-1104-DRH-DGW

**CAPITAL RESTORATION & PAINTING CO.,**

**Defendant.**

## ORDER OF DEFAULT JUDGMENT

THIS CAUSE coming before the Court on Plaintiffs' Motion for Default Judgment, and the Court being fully advised in the premises, and having reviewed and considered the Motion and exhibits attached thereto, the supporting memorandum of law, Plaintiffs' Complaint and the exhibits attached thereto, and other documentary evidence contained in the court file, and Defendant, Capital Restoration & Painting Co., having been previously found to be in default, and given proper notice of the entry of default, **FINDS AS FOLLOWS**:

1. Capital Restoration was found to be in default by this Court on January 21, 2014 (d/e 7).

2. Plaintiffs gave Defendant notice of the entry of default pursuant to Local Rule 55.1(a) on January 22, 2014 (d/e 8).

3. Plaintiffs are entitled to seek entry of a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.

4. Upon default, the well-pleaded factual allegations of the complaint relating to liability are deemed admitted, and a plaintiff is not required to further establish, and the defendant has no further standing to contest, the plaintiff's right to recover. *In Re Uranium Antitrust Litigation*, 473 F.Supp382 (N.D. Ill. 1979); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 ( 7th Cir.1983); *see also Brown v. Kenron Aluminum and Glass Corporation*, 477 F.2d 526 (8th Cir. 1973).

5. Capital Restoration is a party to or otherwise bound by a memorandum of agreement and collective bargaining agreement (collectively the "labor agreements").

6. Pursuant to the applicable trust agreements for the Plaintiffs, Plaintiffs have the right to examine the payroll books and records of the Defendant to confirm the accuracy of Defendant's reporting of hours worked and gross wages earned, and to determine whether the Defendant has paid Plaintiffs all fringe benefit contributions and work dues owed (*See* Complaint (d/e 2), Exhibits "B", section 4.6; and "E", section 4.6).

7. Plaintiffs demanded that Defendant provide access to its relevant payroll and other business records for purposes of an audit for the time period of April 1, 2011 to a current date to be established by Plaintiffs' auditor, but Defendant refused to provide Plaintiff with access to its payroll and other business records for purposes of an audit.

8. Defendant breached the provisions of the trust agreements for the Plaintiffs by refusing to provide Plaintiffs access to its payroll and other business records for purposes of an audit.

9. As a result of Defendant's breach, Plaintiffs were required to file suit to compel Defendant to allow for an audit.

10. After suit was filed, Defendant agreed to an audit which determined that no additional contributions were due to the Plaintiffs.

11. The Plaintiffs are entitled to their reasonable attorneys' fees and costs incurred in seeking enforcement of their right to audit the Defendant in this matter pursuant to the Plaintiffs' trust agreements (*See* Complaint (d/e 2), Exhibits "B", section 4.5; and "E", section 4.4).

12. The Plaintiff Illinois State Painters Welfare Fund is entitled to the costs of the audit as a result of Defendant's refusal to permit an audit prior to filing suit. (*See* Complaint (d/e 2), Exhibit "E", section 4.8).

13. Plaintiff Illinois State Painters Welfare Fund incurred audit costs in the amount of $671.37 (*See* Exhibit "1").

14. Plaintiff Illinois State Painters Welfare Fund incurred reasonable attorneys' fees and costs incurred in this matter in the sum of $1,281.01.

18. Plaintiffs International Union of Painters and Allied Trades District Council #58 *et al.* incurred reasonable attorneys' fees and costs incurred in this matter in the sum of $2,542.52.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** as follows:

A. Plaintiffs' Motion for Default Judgment is **GRANTED** pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and the Local Rules of this District;

B. That judgment is entered in favor of Plaintiff Illinois State Painters Welfare Fund and against Defendant Capital Restoration & Painting Co. in the sum of $1,952.38; and

C. That judgment is entered in favor of Plaintiffs International Union of Painters and Allied Trades District Council #58, Painters District Council #58 401(k) plan, Finishing Trades Institute, Labor Management Cooperative Initiative, Safety Training Award Recognition, Central Illinois Drug Fund, Southern Illinois Drug Fund, Painters District Council #58 Administrative Dues Check Off, and Painters & Glaziers of Central and Southern Illinois and against Defendant Capital Restoration & Painting Co. in the sum of $2,542.52.

**IT IS SO ORDERED.**

Signed this 16th day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.16 17:03:53 -05'00'

**Chief Judge**
**U.S. District Court**